(4 App. Div. 507)

### KINGSLEY v. SAUER.

(Supreme Court, Appellate Division, Fourth Department.   April, 1896.)

DEED—EFFECT—LEASE BY GRANTOR.

A lessee of premises on which was a quantity of hay owned by the lessor covenanted to leave an equal amount on the premises at the expiration of the term.   During the term the lessor assigned his claim against the lessee for the hay to plaintiff, and then conveyed the demised premises to defendant, by warranty deed.   Held, that the right of the lessor under the covenant by the lessee in regard to the hay did not pass under the deed to defendant, but did pass under the assignment to plaintiff.

Appeal from Oneida county court.

Action by W. Warren Kingsley against Jacob Sauer.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals.   Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

E. O. Worden, for appellant.
P. H. Fitzgerald, for respondent.

FOLLETT, J.   Welcome J. Dixon, being the owner of a farm, leased it to Bernard Seifert for five years, from April 1, 1890, for $150 per year, payable on the 1st day of January of every year. The lessor left on the farm 7½ tons of hay, and the lessee, in his lease, covenanted "to leave as much hay on the place as found when taking possession."   The transaction in respect to the hay amounted to a sale by the lessor to the lessee of 7½ tons, to be paid for in kind by the lessee at the end of his term.   February 6, 1894, Dixon, the lessor, conveyed the farm to Jacob Sauer, the defendant, by a full covenant warranty deed.   The lessee was notified of the transfer of title, attorned to the grantee, and paid to him the rent due January 1, 1895.   November 28, 1894, Dixon, the lessor, assigned his claim against the lessee for 7½ tons of hay, and to certain implements left upon the farm, to this plaintiff.   March 16, 1895, the lessee vacated the dwelling house on the farm, and the defendant moved

in, the lessee having at that time a quantity of hay in the barn. March 18th the lessee and litigants met at the barn, measured off a quantity of hay which the lessee should leave to perform his contract, and afterwards the lessee drew away the remainder.

The question is: Who, then, acquired title to the hay,—the plaintiff, under his bill of sale from Dixon, or the defendant, under his deed from Dixon? When Dixon conveyed this farm to the defendant, the former had no title to any portion of the hay. All of it could have been taken on execution against the lessee, or his vendee would have acquired a perfect·title. The right of Dixon to be paid in kind for the hay which he, in 1890, sold to or left for the lessee, was not an incident to the lease. This right did not arise out of the future occupation of the farm, nor was it to be returned as part of the rent for the premises. The covenant was merely an executory right of action, which was to be satisfied by the delivery of a like quantity of hay at the end of the term, which right did not pass to the grantee, the defendant under the deed, but did pass·under the bill of sale to the plaintiff; and when the hay left in payment was agreed upon and set apart, by consent of all parties, it became the property of the plaintiff, who thereupon acquired the legal title to, and became entitled to the immediate possession of, the hay, just as Dixon would have acquired title by its being set apart had he not made the bill of sale or deed. This title and the right of possession were disputed by the defendant, and the plaintiff was entitled to maintain this action to recover the hay. There was no question of fact for the jury, except as to the value of the hay; and the learned court committed no error in its rulings on the admission or rejection of evidence, or in its instructions to the jury bearing upon this question. The judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.